IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TERRY MONTGOMERY and NAWASA**
**MONTGOMERY**                                                                                    **PLAINTIFFS**

**V.**                                                        **CIVIL ACTION NO. 2:12cv7-KS-MTP**

**CITIMORTGAGE, INC. and JOHN DOES 1-5**                                **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART CITIMORTGAGE, INC.'S MOTION *IN LIMINE* [66]

This matter is before the Court on the Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion *in Limine* [66], seeking exclusion of numerous subjects of information from the jury at trial. Having considered the motion, the response, the record and the applicable law, the Court finds as follows:

### Standard of Review

The United States Court of Appeals for the Fifth Circuit has provided the following guidance:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).

Further, the Jackson Division of this Court and numerous other federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

## Analysis

1.  Evidence Relating to Plaintiffs' Mortgage Payments

In opposing CitiMortgage's request for summary judgment, Plaintiffs Terry Montgomery and Nawasa Montgomery asserted that CitiMortgage failed to account for mortgage payments totaling approximately $28,000.00.  Plaintiffs submitted Exhibit E [54-5] (a spreadsheet purportedly showing their mortgage payment history, as reflected by their bank statements) in support of this contention.  CitiMortgage moved to strike Exhibit E on the basis that it was unauthenticated and that neither it nor the bank records it purported to summarize were produced during discovery.  The Court granted the Motion to Strike [58] as unopposed without reaching the merits of CitiMortgage's request for exclusion.  (*See* Mem. Op. & Order [64] at p. 6.)  CitiMortgage now asserts that all "evidence or references to the Plaintiffs' bank statements, or a summary thereof, should be excluded from the trial of this cause as such evidence is improper under Federal Rule of Evidence 1006 and controlling case law."  (Mot. *in Limine* [66] at p. 4.) CitiMortgage also argues that Plaintiffs' failure to account for mortgage payments claim is unsubstantiated by the record, and thus, Plaintiffs should not be permitted to present evidence in support of this theory at trial.

In ruling on summary judgment, the Court determined that Plaintiffs' deposition testimonies and CitiMortgage's Payment History report raised a fact issue as to CitiMortgage's alleged mishandling of the Plaintiffs' mortgage payments.  (*See* Mem. Op. & Order [64] at p. 13.)  Exhibit E played no part in the Court's analysis of this issue given the ruling on the Motion to Strike [58].  Therefore, notwithstanding Exhibit E, CitiMortgage's suggestion that there is nothing in the record to support Plaintiffs' failure

-2-

to account claim is not well taken.  Plaintiffs will be permitted to present evidence on this theory at trial, provided that Plaintiffs' evidentiary submissions are admissible under the Federal Rules of Evidence.

CitiMortgage's present request for the exclusion of evidence pertaining to Plaintiffs' bank statements, including any summary thereof, is based on the contention that the statements were not produced during discovery.  CitiMortgage principally relies on the Fifth Circuit's decision in *Powell v. Penhollow*, 260 Fed. Appx. 683 (5th Cir. 2007), in support of this request.  In *Powell*, the Fifth Circuit held that the magistrate judge abused his discretion in admitting a summary spreadsheet under Fed. R. Evid. 1006 when the information underlying the spreadsheet was not produced by the defendants.  *See* 260 Fed. Appx. at 688.

The Court declines CitiMortgage's request for an order excluding all evidence relating to Plaintiffs' bank statements at this point in time.  First, Plaintiffs posit that the bank statements were produced in October of 2012, and have submitted sworn affidavits stating that they "delivered the bank records to our lawyer to be included in discovery provided to defense counsel." (Doc. Nos. [68] at p. 6; [68-1] at ¶ 5; [68-2] at ¶ 5.)  The extended discovery deadline in this case did not expire until November 1, 2012. (*See* Order [24].)  Although Plaintiffs waited until April 23, 2013 to produce Exhibit E (the summary spreadsheet), Rule 1006 "does not say when the summaries must be made available" and the timing of this submission gave CitiMortgage more than three (3) months to become familiar with the document before trial.  *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 753 (7th Cir. 2005) (finding that the disclosure of Rule 1006 summaries thirty (30) days before trial was not unreasonable);

*cf. Irons v. Aircraft Serv. Int'l, Inc.*, 392 Fed. Appx. 305, 314-15 (5th Cir. 2010) (providing that the admission of time record summaries not disclosed until the day of trial fell within the trial judge's broad discretion under Rule 1006).

Second, there is insufficient information before the Court for it to issue a ruling regarding the admissibility of a summary of Plaintiffs' bank records under Rule 1006. "[E]vidence underlying a summary needs to be admissible." *United States v. Jones*, 664 F.3d 966, 976 n.1 (5th Cir. 2011) (citing *Hackett v. Hous. Auth. of City of San Antonio*, 750 F.2d 1308, 1312 (5th Cir. 1985)), *cert. denied*, 132 S. Ct. 2728 (2012). The foundational documents must also be so voluminous that an in-court examination would be inconvenient in order for a summary to be properly admitted. *United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990) (citation omitted). A ruling as to the admissible and voluminous nature of the subject bank records would best be made after the records are placed before the Court.

Third, there has been no showing that the mere mention of the bank records would be so prejudicial that a timely objection or instruction to the jury could not overcome the prejudicial effect on the jurors' minds. *See O'Rear*, 554 F.2d at 1306 n.1. For all the preceding reasons, CitiMortgage's request for the exclusion of all evidence of, or references to, Plaintiffs' bank statements is denied without prejudice. CitiMortgage may assert specific objections at trial to the introduction of evidence or statements regarding this subject matter.

    2.  <u>Fiduciary Duty</u>

CitiMortgage asserts that the introduction of evidence and testimony "related to" Plaintiffs' fiduciary duty claim would cause it prejudice and confuse the jury since the

Court previously granted summary judgment in its favor on this claim. (Mot. *in Limine* [66] at p. 4.) Plaintiffs have not responded to this request for exclusion. The Court finds CitiMortgage's request well taken to the extent that Plaintiffs will be prohibited at trial from making any specific references to their fiduciary duty claim and from presenting arguments, statements or evidence to the effect that CitiMortgage owed them a fiduciary duty. The Court will reserve ruling on the admissibility of any other evidence merely "related to" Plaintiffs' fiduciary duty claim until such time as that evidence is specifically identified and placed before the Court.

    3.  Emotional Distress Damages

CitiMortgage asserts that the introduction of evidence and testimony "related to" Plaintiffs' claims for mental anguish damages would cause it prejudice and confuse the jury since the Court previously dismissed Plaintiffs' claims seeking these damages. (Mot. *in Limine* [66] at pp. 4-5.) Plaintiffs contend that they may present evidence of mental anguish and distress in support of their negligence claim notwithstanding the Court's dismissal of their cause of action for negligent or intentional infliction of emotional distress. Plaintiffs' argument is not well taken.

In Mississippi, a claim for intentional infliction of emotional distress requires the defendant's "conduct to be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 85 (¶ 23) (Miss. Ct. App. 2004) (citing *Brown v. Inter-City Fed. Bank*, 738 So. 2d 262, 264 (¶ 9) (Miss. Ct. App. 1999)). No proof of physical injury is required if the defendant's conduct meets this standard. *See Morgan v. Greenwaldt*, 786 So. 2d 1037, 1044 (¶ 23)

(Miss. 2001) (citation omitted). Where ordinary negligence is at issue, "the plaintiff must prove some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (¶ 40) (Miss. 2001) (citations omitted).

This Court previously applied the preceding rules of law to the summary judgment record and found that there was insufficient evidence for the Plaintiffs to proceed to trial on their claim seeking damages for negligent or intentional infliction of emotional distress. Accepting Plaintiffs' argument in opposition to the Motion *in Limine* [66] would essentially moot this ruling and countenance a complainant avoiding substantive Mississippi law through artful pleading. Taking Plaintiffs' argument to its logical conclusion, a litigant may recover damages for emotional distress regardless of the preceding legal authorities so long as he alleges negligence and omits a specific cause of action for negligent or intentional infliction of emotional distress. The Court finds such a result to be untenable and contradicted by Mississippi Supreme Court opinions precluding the recovery of damages for emotional distress in actions not specifically alleging a negligent or intentional infliction of emotional distress cause of action. *See, e.g.*, *Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 771 (¶ 2), 776 (¶ 29) (Miss. 2004); *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 59 (¶¶ 1-2), 66 (¶ 37) (Miss. 2004); *Wells*, 819 So. 2d at 1200 (¶ 7), 1209 (¶ 45).

Based on the foregoing, the Court finds CitiMortgage's request for exclusion well grounded to the extent that Plaintiffs will be prohibited from presenting arguments, statements or evidence at trial to the effect that they suffered mental anguish, stress or emotional distress as a result of CitiMortgage's acts or omissions. The Court will

reserve ruling on the admissibility of any other evidence merely "related to" Plaintiffs' claims of emotional distress/mental anguish until such time as the evidence is specifically identified and placed before the Court.

    4.   Other Lawsuits, Regulatory Complaints, Judgments, Verdicts, Civil Investigation Demands, Consumer Complaints and Audits

CitiMortgage seeks exclusion of these matters on the basis that they "are irrelevant, prejudicial, confusing to the jury, and constitute improper evidence of corporate character." (Mot. *in Limine* [66] at p. 5.) Plaintiffs oppose this request and contend that Exhibit F [54-6] (an article published by the Federal Deposit Insurance Corporation addressing unsafe or unsound practices by fourteen residential mortgage servicers in connection with foreclosure activities) "and other such evidence is admissible to prove that Defendant is more likely to have acted in accordance with its standard practices in this case." (Resp. in Opp. [68] at p. 10) (citing Fed. R. Evid. 401(b), 406). Plaintiffs also assert that evidence of business custom is admissible in order to show "that the custom was followed in a particular instance; and, evidence of other transactions or occurrences is admissible if relevant and not too likely to confuse a jury or prejudice the opposing party." (Resp. in Opp. [68] at pp. 10-11) (citing *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 219 (5th Cir. 1975)).

The Court finds Federal Rule of Evidence 406 pertinent to this dispute. The Rule provides:

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

Fed. R. Evid. 406. "[H]abit suggests a regular response to a repeated specific situation that has become semi-automatic." *United States v. Heard*, 709 F.3d 413, 434 (5th Cir. 2013) (citations omitted). "To offer evidence of a habit, a party must at least demonstrate a 'regular practice of meeting a particular kind of situation with a specific type of conduct.'" *Id.* Proof of the defendant's conduct on only a few occasions is insufficient; "the plaintiff must show regularity over substantially all occasions or with substantially all other parties with whom the defendant has had similar business transactions." *Mobil Exploration & Producing U.S., Inc. v. Cajun Constr. Servs., Inc.*, 45 F.3d 96, 99-100 (5th Cir. 1995) (citations omitted).

At this point, the only specific evidence brought to the Court's attention that potentially falls within the scope of Rule 406, and CitiMortgage's request for exclusion, is the above-referenced Exhibit F. Even presuming that "Citibank" and "CitiMortgage" are one in the same,[1] Exhibit F's generalized discussion of fourteen (14) mortgage servicers' unsafe or unsound foreclosure-related practices falls short of evidencing any "semi-automatic", "regular" or "routine practice" attributable to CitiMortgage. *Heard*, 709 F.3d at 434. Exhibit F contains no breakdown of the percentage or number of unsafe practices undertaken by each mortgage servicer. Much less does Exhibit F show the number of mortgage transactions involving CitiMortgage that involved unsafe foreclosure-related practices versus the number of transactions unmarred by any offending practices. *Cf. United States v. West*, 22 F.3d 586, 592 (5th Cir. 1994) (finding

---

[1] The fourteen (14) mortgage servicers identified in Exhibit F are as follows: Bank of America; **Citibank**; HSBC; JPMorgan Chase; MetLife; PNC; US Bank; Wells Fargo; GMAC Mortgage, LLC; Sun Trust; Aurora Bank; OneWest Bank; Sovereign Bank; and EverBank. (*See* Doc. No. [54-6 at ECF p. 5].)

that evidence offered to establish a routine practice of the FDIC, taking into account the FDIC's dealings with thousands of individuals during the relevant time frame, fell "far short of the adequacy of sampling and uniformity of response which are controlling considerations governing admissibility" under Rule 406) (citation omitted). In short, Exhibit F fails to constitute competent Rule 406 evidence of any routine practice conducted by CitiMortgage.

The Court also determines that the probative value of Exhibit F is substantially outweighed by several of the dangers identified under Federal Rule of Evidence 403. Exhibit F does not appear particularly relevant to this litigation since it neither references the Plaintiffs nor any specific acts or omissions of CitiMortgage (as opposed to fourteen mortgage servicers en masse). The issues remaining for trial in this cause center on CitiMortgage's alleged mishandling of the Plaintiffs' request to lower their interest rate, the resulting loan modification process and Plaintiffs' mortgage payments. Allowing Exhibit F into evidence would distract from these issues and essentially open the door to a sideshow about the failings of the mortgage industry as a whole. Wasted time, jury confusion and undue prejudice to CitiMortgage would follow since CitiMortgage cannot be held liable for the misconduct of any other mortgage company. A jury "decision on a purely emotional basis" may also result since it is far more likely that the jury will be composed of mortgagors than it is that the jury will consist of mortgage servicers. Fed. R. Evid. 403 advisory committee's note.

As a result, Exhibit F will be excluded from the jury at trial.

There is not enough information before the Court for it to issue the blanket exclusionary ruling requested by CitiMortgage at this time. However, given the

preceding findings with respect to Exhibit F, it is likely that any similar evidence will implicate the same Rule 403 concerns. Therefore, the Court holds that counsel for the Plaintiffs shall not mention nor attempt to place before the jury, through witnesses or otherwise, any information about other lawsuits, regulatory complaints, judgments, verdicts, civil investigation demands, consumer complaints or audits without first securing a ruling from the Court on its admissibility.

    5.  Evidence of CitiMortgage's Financial Worth and References to CitiMortgage's Attorneys

This request for exclusion is granted insofar as Plaintiffs may not address CitiMortgage's financial condition or net worth unless and until the jury returns a verdict for compensatory damages and the Court rules that there is enough evidence for the jury to consider an award of punitive damages. *See* Miss. Code Ann. § 11-1-65(1) (stipulating a bifurcated framework with respect to the recovery of punitive damages).

As to the number of attorneys employed by CitiMortgage and the geographic locations of its attorneys, the request for exclusion is granted since such matters have no bearing on the issues remaining for trial. However, the parties will be permitted during voir dire to identify trial counsel and their law firms to ensure that no juror has a conflict.

    6.  Records from Outside Mississippi

CitiMortgage asserts that all records related to its actions in states other than Mississippi should be excluded as irrelevant and unfairly prejudicial. Plaintiffs argue otherwise. Both parties cite the United States Supreme Court's decision in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), as legal

authority for their competing positions. In *Gore*, the Supreme Court held that it was error to permit a jury to award punitive damages based on a defendant's lawful out-of-state conduct. *Id.* at 573-74. However, the Court also noted that evidence of out-of-state transactions "may be relevant to the determination of the degree of reprehensibility of the defendant's conduct." *Id.* at 574 n.21. Reprehensibility is one of three guideposts a court should consider in determining whether an award of punitive damages is unconstitutionally excessive. *See id.* at 574-75. The Court will reserve ruling on the issue of the admissibility of out-of-state records in relation to an award of punitive damages for the time being. This issue is not ripe for consideration unless and until the jury awards Plaintiffs' compensatory damages and the Court determines there should be a punitive damages phase of the action. *See* Miss. Code Ann. § 11-1-65(1).

As to the admissibility of out-of-state records in the compensatory damages stage of the litigation, the Court finds that this request for exclusion should be granted in part and denied in part. CitiMortgage "is a corporation organized and existing under the laws of a state other than . . . Mississippi . . . ." (Notice of Removal [1] at ¶ 6.) Thus, certain of its records pertaining to the Plaintiffs or their loan could potentially fall within the scope of this broad request for exclusion. CitiMortgage's request is denied to the extent it would reach out-of-state records concerning the Plaintiffs given obvious relevancy considerations.

Conversely, this request for exclusion is granted to the extent that counsel for the Plaintiffs is prohibited from mentioning or attempting to place before the jury, through witnesses or otherwise, any information or records pertaining to CitiMortgage's actions outside of Mississippi (not specifically pertaining to the Plaintiffs or their loan) without

first securing a ruling from the Court as to its admissibility. For many of the same reasons discussed in Section "4" above, it is significantly more probable that the admission of such evidence will result in confusion of the issues and unfair prejudice than it is that the evidence will tend to prove or disprove any fact of consequence. *See* Fed. R. Evid. 401, 403.

    7. Appeals from Plaintiffs' Counsel to Have the Jury Put Themselves in the <u>Place of the Plaintiffs</u>

Plaintiffs have not voiced any objection to this request for exclusion. Further, the Fifth Circuit "has forbidden plaintiff's counsel to explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 278 (5th Cir. 1998) (citation omitted). Therefore, this request for exclusion is granted.

    8. References to CitiMortgage's Locale or Its Status as a Non-Mississippi <u>Corporation</u>

Plaintiffs have also not raised any discernable objection to this request for exclusion. However, the Court fails to see how CitiMortgage would be unduly prejudiced by the jury gaining knowledge of the fact that it is based outside of Mississippi. No showing has been made that an ordinary juror will turn from impartial to hostile upon learning that the Defendant is a nonresident of the forum state. In today's mobile society, it is even likely that some members of the jury pool will have lived outside of Mississippi at some point in their lives. Although CitiMortgage's locale does not appear to be particularly relevant, general references to it may be unavoidable and the potential for undue prejudice warranting a blanket exclusion has not been shown. *Cf. Hankins v. Ford Motor Co.*, No. 3:08cv639, 2012 WL 174793, at *7 (S.D. Miss. Jan.

20, 2012) (denying, in part, Ford's overly broad motion in limine). Thus, this request for exclusion is denied without prejudice. CitiMortgage may object at trial to any references to its citizenship it deems improper and/or request a limiting instruction. *See O'Rear*, 554 F.2d at 1306 n.1.

9. Evidence of, or References to, the Financial-Foreclosure Crisis

This request for exclusion is granted. Any statements or evidence regarding the not too distant financial-foreclosure crisis will be of little, if any, probative value to the parties' claims or defenses. Moreover, presentation of this type of evidence at trial will almost certainly distract from the real issues before the jury, open the door to a sideshow about the failings of the mortgage industry as a whole, and, perhaps, induce a jury "decision on a purely emotional basis . . . ." Fed. R. Evid. 403 advisory committee's note.

10. Evidence of, or References to, CitiMortgage's Receipt of TARP Funds

This request for exclusion is granted. CitiMortgage's receipt of TARP funds is irrelevant to any issue remaining for trial. *See* Fed. R. Evid. 401. Further, admission of this evidence is likely to result in jury confusion, prejudice to CitiMortgage and wasted time. *See* Fed. R. Evid. 403.

## Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that CitiMortgage's Motion *in Limine* [66] is granted in part and denied in part, as outlined above.

SO ORDERED AND ADJUDGED this the 29th day of July, 2013.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE